NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| SALVATORE NATALIZZO, | |
| Plaintiff, | Civil Action No. 12-cv-02490 (JAP) |
| v. | **OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

PISANO, District Judge

Plaintiff Salvatore Natalizzo ("Natalizzo") brings this action appealing the denial of his disability insurance benefits against Defendant Michael J. Astrue, the Commissioner of Social Security ("Commissioner"). Presently before the Court is Commissioner's Motion for Summary Judgment, which is based upon Natalizzo's failure to timely file the complaint within 60 days of receipt of the Commission's final decision.[1] The Court has jurisdiction to review this matter pursuant to 42 U.S.C. §§ 405 (g) and (h) and reaches its decision without oral argument. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On February 24, 2009, Natalizzo filed an application for disability insurance benefits with the Social Security Administration, which denied his initial request and his request for reconsideration. Compl. ¶ 5. Then, Natalizzo requested a hearing before an Administrative

---

[1] Pursuant to this Court's Order dated October 2, 2012, the Court gave notice that it was converting Commissioner's Motion to Dismiss to a Motion for Summary Judgment (docket # 9).

Law Judge ("ALJ"), which took place on October 13, 2010. *Id.* ¶ 6. On December 8, 2010, the ALJ denied Natalizzo's claim for disability insurance benefits; Natalizzo sought review of this decision. Declaration of Zaida Marquez ("Marquez Dec.") ¶ 3(a).

On January 30, 2012, the Appeals Council denied Natalizzo's request to review the ALJ's decision denying his claim for disability insurance benefits, meaning the ALJ's decision became the final decision of the Commissioner of Social Security. *Id.* On that day, the Appeals Council mailed Natalizzo notice of its action and sent his counsel a copy of that notice. Marquez Dec. ¶ 3(a), Ex. 2. The notice specifically states that Natalizzo had "60 days to file a civil action (ask for court review)," and the "60 days start[s] the day after you receive the letter." Marquez Dec., Ex. 2. In addition, the notice explained that the Social Security Administration would "assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id.* Moreover, the notice provided that if "you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file" by making a written request, and "[y]ou must have a good reason for waiting more than 60 days to ask for court review." *Id.* Furthermore, the request for the extension of time must be "mail[ed] . . . to the Appeals Council," and the Social Security Administration "will send you a letter telling you whether your request for more time has been granted." *Id.*

Natalizzo's attorney, who represented him before the Appeals Council, received the notice on February 6, 2012. Certification of Agnes S. Wladyka ("Wladyka Cert.") ¶ 3. However, that attorney did not handle cases before the United States District Court, so Natalizzo contacted Agnes Wladyka, who agreed to file this action on his behalf. *Id.* ¶¶ 3–4. On March 30, 2012, Wladyka called the Appeals Council to request an extension of time because "time was running out"; a representative from the Appeals Council informed her that she had to fax a

2

written request.  *Id.* ¶ 4.  Thus, on March 30, 2012, Wladyka faxed the Appeals Council a request for a 30 day extension of time, informing them that she had "just been retained . . . ."  *Id.* ¶ 5, Ex. Although Wladyka asserts that she received a confirmation on her fax machine, Zaida Marquez, the Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration declared that she was "not aware of any request for an extension of time to file a civil action" in the case.  Marquez Dec. ¶ 3(b); Wladyka Cert. ¶ 5, Ex.

Natalizzo was supposed to commence the action by April 4, 2012, which is 60 days after he would have received notice of the Appeals Council's decision.  Instead, Natalizzo filed the complaint on April 26, 2012, which is within the time frame requested, even though his counsel never received a letter granting the request for an extension of time.  Wladyka Cert. ¶¶ 6, 8.

## II.   ANALYSIS

The Commissioner initially moved to dismiss Natalizzo's complaint, alleging that the complaint should be dismissed because it was untimely and because there is no basis to toll the 60 day limitation period.  Def.'s Br. 3, 5–6.  Natalizzo, however, asserts that he filed the complaint within the time frame requested.  Wladyka Cert. ¶ 6.  His counsel explains that she received a confirmation on her fax machine, indicating that the fax went through, and knew from "experience that the letters granting extensions from the Appeals Council often arrive after the filing of the complaint."  *Id.* ¶ 7.  Importantly, however, Natalizzo's counsel never received a formal letter granting her request for an extension.  *Id.* ¶ 8.

Because both parties relied on papers outside the pleadings, this Court converted the motion to dismiss to one for summary judgment (docket # 9).  *See Cardyn v. Commissioner*, 66

Fed. Appx. 394, 396 (3d Cir. 2003) (stating "[b]ecause affidavits were submitted by the parties, the District Court converted the motion to dismiss to a motion for summary judgment"). After reviewing the papers and applying the summary judgment standard, the Court will grant Commissioner's Motion for Summary Judgment for two reasons: (1) there is no genuine dispute of material fact regarding the timeliness of the complaint; and (2) in viewing the facts in the light most favorable to Natalizzo, there is no genuine dispute regarding the applicability of equitable tolling to this case. Therefore, the Commissioner is entitled to judgment as a matter of law.

### A. Summary Judgment Standard

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176–77 (3d Cir. 1997). The Court is not required to "weigh the evidence and determine the truth of the matter" but instead need only determine whether a genuine issue necessitates a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

On a summary judgment motion, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. The non-moving

4

party must then offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

### B. Natalizzo's Complaint Was Untimely

First, the Motion for Summary Judgment should be granted because there is no genuine dispute of material fact regarding the timeliness of the complaint; Natalizzo failed to file the complaint within 60 days of receiving notice of the Appeals Council's decision. The statute provides that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> [42 U.S.C. § 405(g).]

"A claimant may obtain judicial review . . . of a decision by the Appeals Council when[, as here,] that is the final decision of the Commissioner." 20 C.F.R. § 422.210(a). The review "must be instituted within 60 days after the Appeals Council's notice of denial of request for review . . . is received by the individual . . . ." 20 C.F.R. § 422.210(c). The "date of receipt of" the notice, which triggers the 60 day time period, "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.* Judicial review must take place in this time frame because "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Additionally, "the 60-day limit . . . is a condition on the waiver

of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

Here, there is no genuine dispute regarding the timeliness of the complaint because Natalizzo's counsel concedes that she did not file the complaint within 60 days of receiving the Appeals Council's notice. Counsel certifies that the Appeals Council's decision was dated January 30, 2012, and Natalizzo's initial attorney received a copy of it on February 6, 2012. Wladyka Cert. ¶ 3. Counsel does not mention the date Natalizzo received the notice or otherwise rebut the presumption that he received the notice five days after the date it was sent, or February 4, 2012. The complaint should have been filed 60 days later or on April 4, 2012.[2] Natalizzo's counsel does not dispute this timeline. Instead, she certifies that she "phoned the Appeals Council on March 30, 2012 to request an extension of time" since "time was running out," indicating that counsel knew the 60 day period was about to expire. *Id.* ¶ 4. Additionally, counsel certifies that she filed the complaint on "April 26, 2012[,] within the time frame requested in [her] fax to the Appeals Council," meaning she concedes that she did not file the complaint within the 60 day time frame but within the time frame requested. *Id.* ¶ 6. Therefore, there is no genuine dispute of material fact and the Commissioner is entitled to judgment as a matter of law because Natalizzo concedes that the complaint was filed after the expiration of the 60 day time period.

---

[2] Even if Natalizzo received the notice on the same day as his counsel, February 6, 2012, his complaint would still be untimely because sixty days after February 6, 2012, is April 6, 2012. This is still before the date on which Natalizzo ultimately filed his complaint.

6

### C. Equitable Tolling Does Not Apply

Second, the Court will grant the Commissioner's Motion for Summary Judgment because applying the facts in the light most favorable to Natalizzo, there is no genuine dispute regarding the applicability of equitable tolling to this case. The facts presented do not meet the legal standard for equitable tolling.

Although "traditional equitable tolling principle[s]" apply "to the 60-day requirement of [42 U.S.C.] § 405(g)," *Bowen*, 476 U.S. at 480, equitable tolling "is 'to be applied sparingly.'" *Kramer v. Comm'r*, 461 Fed. Appx. 167, 169 (3d Cir. 2012). As such, there are only "three principle situations in which equitable tolling may be appropriate: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Cardyn*, 66 Fed. Appx. 394 at 397 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). Plaintiff bears the burden of establishing equitable tolling. *Id.* In addition to establishing that one of the three situations above is present, plaintiff must show that he "exercised due diligence in pursuing and preserving [his] claim" in order to "receive the benefit of equitable tolling." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009).

Here, there is a dispute regarding whether the Commissioner received Natalizzo's request for an extension of time. Natalizzo's counsel certifies that she received a confirmation on her fax machine, indicating the fax went through. Wladyka Cert. ¶ 5, Ex. Zaida Marquez, the Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration,

however, declared that she is "not aware of any request for an extension of time." Marquez Dec. ¶ 3(b).  Because the summary judgment standard requires the Court to view the facts in the light most favorable to Natalizzo and to extend all reasonable inferences to him, the Court will assume that Natalizzo's counsel received a confirmation on her fax machine and that the Social Security Administration received the fax.  *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.  Nevertheless, this case still does not qualify for equitable tolling because it does not meet the legal standard of that doctrine.

Construed liberally, the only basis for equitable tolling that can be gleaned from Natalizzo's counsel's certification is that "plaintiff in some extraordinary way has been prevented from asserting his . . . rights." *Cardyn*, 66 Fed. Appx. at 397.  Yet, equitable tolling does not apply here because: (1) counsel failed to exercise due diligence to preserve Natalizzo's claims; (2) counsel's failure to timely file the complaint because she had "just been retained" is not an extraordinary circumstance warranting tolling; and (3) equitable tolling is applied restrictively in cases involving the United States' waiver of sovereign immunity.

First, this case does not meet the legal standard for equitable tolling because Natalizzo's counsel failed to exercise due diligence.  On March 30, 2012, counsel faxed a request for a thirty day extension of time to the Appeals Council because "time was running out" and she had "just been retained to represent the claimant." Wladyka Cert. ¶ 5, Ex.  Although counsel received a confirmation on her fax machine, she never exercised due diligence to ensure that the Appeals Council received, processed, and granted her request.  *Id.* ¶ 5.  Because the 60 day period was going to expire five days later, due diligence would have required counsel to call the Appeals Council and ask whether her request had been received, processed, and granted.  In the alternative, Natalizzo's counsel could have exercised due diligence by drafting the complaint

8

within the remaining five day time frame to ensure that Natalizzo's rights would be preserved. Instead, counsel certifies that in her experience, "letters granting extensions from the Appeals Council often arrive after the filing of the complaint," so she filed the complaint on April 26, 2012, which is within the time frame requested. *Id.* ¶¶ 6–7. Yet, Natalizzo's counsel merely assumed that her request would be granted. In fact, counsel certifies on July 25, 2012, approximately three months after making the request, that she never "receive[d] a formal letter granting [her] request for an extension. . . but the request certainly was made." *Id.* ¶ 8. The act of making a request is different than the act of granting a request. With five days left in the 60 day period, counsel should have exercised due diligence, a requirement of equitable tolling, and called the Appeals Council to ensure they received, processed, and granted the request for the extension of time or drafted the complaint in order to preserve her client's claims. Because Natalizzo's counsel failed to exercise due diligence, there is no dispute of material fact regarding whether this case qualifies for equitable tolling.

Moreover, equitable tolling does not apply because counsel's reason for the extension of time to file the complaint, that she had "just been retained," is not an extraordinary circumstance warranting tolling. *See Torres v. Barnhart*, 417 F.3d 276, 280 (2d Cir. 2005) (stating "the failure of a retained attorney to timely file a federal social security complaint does not necessarily constitute an 'extraordinary circumstance' warranting equitable tolling"). Although it is unclear what date counsel was retained, the certification establishes that she was retained prior to the expiration of the 60 day period and failed to exercise due diligence to preserve Natalizzo's claims. Because the only basis for equitable tolling that can be gleaned from counsel's certification is that Natalizzo "in some extraordinary way has been prevented from asserting his . . . rights," *Cardyn*, 66 Fed. Appx. at 397, Natalizzo had to show an extraordinary circumstance.

9

The fact that his attorney was recently retained does not constitute an extraordinary circumstance since counsel could have prevented the untimely filing of the complaint with due diligence. Therefore, this case does not qualify for equitable tolling.

Lastly, equitable tolling does not apply to this case because it is applied restrictively in cases involving the United States' waiver of sovereign immunity. *See Santos*, 559 F.3d at 197–98 (stating "[i]t is especially appropriate to be restrictive with respect to extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States"). The "60-day limit . . . is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen*, 476 U.S. at 479. Thus, equitable tolling must be applied restrictively in this case. Because there is no genuine issue of material fact regarding counsel's failure to exercise due diligence in seeking the request for extension of time and regarding the lack of extraordinary circumstances in this case, equitable tolling should not be applied and the Commissioner is entitled to judgment as a matter of law. Thus, the Court will grant Commissioner's Motion for Summary Judgment.

### III.   CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Summary Judgment is granted. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: October 10, 2012

11