NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SALVATORE NATALIZZO, | : : : | |
| Plaintiff, | : : | Civil Action No. 12-cv-02490 (JAP) |
| v. | : : | **OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : : : | |
| Defendant. | : : | |

PISANO, District Judge

Presently before the Court is Plaintiff Salvatore Natalizzo ("Plaintiff")'s unopposed Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) [docket # 12], which is in response to this Court's October 10, 2012 Order and Opinion granting Defendant Michael J. Astrue, Commissioner of Social Security, ("Defendant")'s Motion for Summary Judgment because Plaintiff untimely filed his Complaint and equitable tolling was inapplicable [docket # 10 & 11].  The Court reaches its decision on this Motion without oral argument. *See* Fed. R. Civ. P. 78.  For the reasons set forth below, the Motion is denied.

## I. BACKGROUND[1]

On February 24, 2009, Plaintiff filed an application for disability benefits with the Social Security Administration, which denied his initial request and his request for reconsideration.  He sought review before an Administrative Law Judge ("ALJ"), and on December 8, 2010, the ALJ

---

[1] A more detailed recitation of the facts is included in the Court's Opinion entered on October 10, 2012 [docket # 10].

1

denied Plaintiff's claim for disability benefits. On January 30, 2012, the Appeals Council denied Plaintiff's request to review the ALJ's decision and sent Plaintiff a letter, informing him that he had sixty days to file a civil action in federal court, the time period began the day after receipt of the letter, and the Social Security Administration would assume that Plaintiff received the letter five days after the date on it unless shown otherwise. Plaintiff's attorney received the letter on February 6, 2012. Because that attorney did not handle cases before this Court, Plaintiff contacted Agnes Wladyka. On March 30, 2012, Wladyka (hereinafter "Plaintiff's counsel") agreed to represent Plaintiff and sent him her usual engagement letter with enclosures. That day, Plaintiff's counsel called the Appeals Council to request an extension of time to file the Complaint because the sixty day period was going to end on April 4, 2012. At the direction of an Appeals Council representative, Plaintiff's counsel faxed a request for a thirty day extension of time and received a confirmation on her fax machine. On April 26, 2012, Plaintiff's counsel filed the Complaint. Her request for an extension of time was never granted or denied.

II.     DISCUSSION

A Rule 59(e) Motion "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Holiday Vill. E. Home Owners Ass'n, Inc. v. QBE Ins. Corp.*, 830 F. Supp. 2d 28, 29 (D.N.J. 2012), *aff'd sub nom. Holiday Vill. E. Homeowner's Ass'n v. QBE Ins. Corp.*, 2013 WL 1715450 (3d Cir. Apr. 22, 2013). A "moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Ray v. Merline*, 2007 WL 951950, *1 (D.N.J. Mar. 26, 2007). "However, mere disagreement with the district court's decision is inappropriate on a" Rule 59(e) motion. *Id.*

Here, Plaintiff argues that the judgment should be altered or amended to prevent the manifest injustice of not allowing Plaintiff's case to proceed on the merits. Plaintiff asserts that he followed a "long standing practice by the Appeals Council" in faxing a request for an extension and filing the Complaint within the time frame requested. He claims that there is a long established history of Appeals Council delay and eventually granting these types of extensions. In addition, Plaintiff contends that equitable tolling applies because Defendant induced him through Defendant's misconduct into allowing the filing deadline to pass and based upon Plaintiff's counsel's previous extension requests, she had no reason to believe the extension request in this case would not be granted.

However, Plaintiff has failed to meet the standard for a Rule 59(e) Motion. Although Plaintiff bases his Motion on preventing a manifest injustice, the Motion amounts to "mere disagreement with" this Court's previous decision. Plaintiff again argues, this time based on a "long standing" practice of the Appeals Council, that he properly filed his request for an extension of time and that equitable tolling applies. Yet, Plaintiff's brief merely recapitulates his previous arguments in response to Defendant's Motion for Summary Judgment. First, Plaintiff argues that his case should go forward because of a long standing Appeals Council practice whereby extension requests are delayed and then routinely granted. Plaintiff lists several cases to demonstrate the delay in receiving extensions and to show that the Appeals Council routinely grants requests. Only three of the cases Plaintiff lists — *Anthony v. Commissioner* (11-0796), *Gipson v. Commissioner* (11-4509), and *Colon v. Commissioner* (12-4870) — are factually similar to the case at hand because they are cases where a request was made by fax, the complaint was filed, and <u>then</u> the Appeals Council granted the extension. These cases, however, are distinguished from the case at hand because, here, Plaintiff's request for an extension was

3

never granted.  In addition, the Court has not found a long standing Appeals Council practice of routinely granting extensions.  *See Smith v. Comm'r of Soc. Sec.*, 2011 WL 1812609, *2 (E.D. Mich. Mar. 17, 2011) (stating that although "Plaintiff's counsel argues that based on his experience, extensions are 'typically' or 'ordinarily' granted and that Social Security's inefficiency and delay tend to be 'the rule rather than the exception[,]' . . . [t]he Court does not find that extensions are so perfunctorily and 'ordinarily' bestowed"), *adopted by*, 2011 WL 1810137 (E.D. Mich. May 12, 2011).  Second, Plaintiff's equitable tolling argument is similar to the one previously made at the summary judgment stage.  Therefore, Plaintiff's Motion is denied because he merely disagrees with the Court's previous decision and has not shown a need to prevent manifest injustice.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend the judgment is denied.  An appropriate Order accompanies this Opinion.

Dated: May 6, 2013                                        /s/ Joel A. Pisano
                                                          JOEL A. PISANO
                                                          United States District Judge